United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 05-50579
Summary Calendar

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTWAN FONTAIN GOODLEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:04-CR-124-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

Antwan Fontain Goodley appeals his jury trial conviction for possession with intent to distribute more than five grams of cocaine base within one thousand feet of an elementary school. Goodley argues that the evidence was not sufficient to support his conviction, that his trial counsel was ineffective, and that the district court erred in denying his objections made pursuant to Batson v. Kentucky, 476 U.S. 79 (1986) to the prosecutor's peremptory challenges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Evidence was presented at trial that Goodley admitted that the drugs found in the house belonged to him and that he intended to sell them to third parties. The evidence showed that the residence was located within 1000 feet of an elementary school. There was also testimony that the seized drugs weighed more than five grams and that their diminished weight several months later was due to evaporation of the water in the controlled substance. Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have determined that Goodley possessed with intent to distribute more than five grams of cocaine in an area within one thousand feet of a school. See United States v. Ortega Reyna, 148 F.3d 540, 543-44 (5th Cir. 1998); 21 U.S.C. § 841(a)(1), § 860.

Goodley's argument made for the first time on appeal that he possessed the drugs for personal use cannot be resolved by plain error review. See United States v. Olano, 507 U.S. 725, 732 (1993); United States v. Alvarado-Saldivar, 62 F.3d 697, 700 (5th Cir. 1995).

The district court did not err in denying the Batson challenge because the prosecutor's belief that an employed individual would be a preferable juror because of his interest in the community is a race-neutral reason for challenging a juror. See Hernandez v. New York, 500 U.S. 352, 358-65 (1991).

Goodley did not raise a claim of ineffective assistance of counsel in the district court. The record is not sufficiently

developed to permit direct review of this claim.  See <u>Massaro v.</u>
<u>United States</u>, 538 U.S. 500, 508 (2003).  Goodley's conviction is
AFFIRMED.